IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 4900 S. BROAD ST. ASSOCIATES-TENANT, L.P., c/o P&A ASSOCIATES | : : : : | CIVIL ACTION |
| v. | : : | |
| UNITED STATES DEPARTMENT OF AGRICULTURE and UNITED STATES OF AMERICA | : : : | NO. 8-4646 |

O'NEILL, J.                                                                                              January        , 2009

## MEMORANDUM

Plaintiff, 4900 S. Broad St. Associates - Tenant, L.P., instituted this action on September 24, 2008 to recover possession of leased premises at 4900 Broad Street, the Philadelphia Navy Yard, that was the subject of a lease agreement between plaintiff as landlord and defendants as tenants. Plaintiff alleges that he is entitled to immediate and exclusive possession of the premises, declaratory relief under the Declaratory Judgment Act (DJA), 28 U.S.C.A. § 2201, et seq. and an adjudication that defendants have violated the Administrative Procedures Act (APA), 5 U.S.C. § 701, et seq. I have before me defendants' motion to dismiss for lack of subject matter jurisdiction, plaintiff's response thereto and supplemental briefing.

## BACKGROUND

Plaintiff entered into a lease agreement with defendants dated July 16, 2003 for a term of five years for a space located at the Philadelphia Navy Yard, Building 6, Suite 320, 4900 S. Broad Street, Philadelphia, PA 19102 which was occupied by the United States Department of Agriculture. The lease ended on August 31, 2008 and plaintiff alleges that defendants have failed to vacate the premises despite plaintiff's demands that they do so. Paragraph 6(d) of the

addendum to the lease requires defendants to vacate upon termination of the lease and to quit and deliver up to plaintiff the premises peacefully and quietly.

Plaintiff alleges that it requested that defendants vacate the premises and on September 8, 2008, defendants responded that they were "looking for space" and could not vacate the premises until they found new space. Defendants also allege that they have continued to pay rent for the premises and that plaintiff has accepted it. Plaintiff alleges that he has a new tenant ready to occupy the premises when it becomes vacant and that the new tenant has stated that it needs possession of the premises as soon as possible or it will look for other space.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. A motion under Rule 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the court's subject matter jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A court reviewing a facial attack may consider only the allegations of the complaint and any documents referenced therein or attached thereto in the light most favorable to the plaintiff. Id. In reviewing a factual attack, a court may consider evidence outside the pleadings. Id. This case involves only a facial attack, so I will consider only the allegations of the complaint.

Plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged, but the legal standard for surviving a Rule 12(b)(1) motion is a low one. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). "A claim may be dismissed under Rule 12(b)(1) only if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Gould, 220 F.3d at 178. Nevertheless,

"dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir. 1987), quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974).

## DISCUSSION

The United States is immune from suit unless it has consented or has waived immunity in an act of Congress.  United States v. Sherwood, 312 U.S. 584, 586 (1941).  To survive a motion to dismiss for lack of jurisdiction, plaintiff has the burden of showing that sovereign immunity has been waived to the satisfaction of the Court.  In re Orthopedic Bone Screw Prod., Liab. Litig., 264 F.3d 344, 361 (3d Cir. 2001).  The primary congressional acts waiving sovereign immunity for tort and contract suits against the government are the Federal Tort Claims Act, 28 U.S.C. § 1346 (FTCA), and the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 607(g)(1) and § 609(a)(1).  Waiver of government immunity is narrowly construed.  Id. at 362.

The Little Tucker Act,[1] which is simply a subsection of the FTCA, states that immunity is expressly waived for those claims not sounding in tort that are not subject to sections 8(g)(1) and 10(a)(1) of the CDA.  28 U.S.C. § 1346(a)(2).  These sections state that contract claims against

---

[1] The Little Tucker Act reads in relevant part:
Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

3

the United States must either originate in the United States Court of Federal Claims or claimants must first exhaust their administrative remedies.  U.S. v. Slaey, 2008 WL 2845351, at *4 (E.D. Pa. 2008).

There is an implied contractual obligation running against a lessee to vacate a leasehold upon the expiration or termination of a lease.  Prudential Ins. Co. of America v. U.S., 801 F.2d 1295, 1298 -99 (Fed. Cir. 1986).  "When a lessee has a contractual duty to vacate the property at the end of the lease term, it necessarily follows that such a failure to vacate is a breach of that contractual duty, which will subject the breaching party to liability for holding over."  Allenfield Assoc. v. U.S., 40 Fed. Cl. 471, 486 (Fed. Cl. 1998).

Here there was more than an implied contractual obligation to vacate the premises; plaintiff explicitly added the contractual duty in an addendum to the lease.  Thus, the obligation to vacate is in the terms of the lease and this claim sounds in contract.  Although plaintiff argued in its amended complaint that "[a]lternatively, plaintiff's right to possession of the premises arises by operation of law," its claim is in contract because the issue at hand is whether defendants violated the terms of the contract by holding over.  As a claim in contract against the United States government may be pursued under the CDA, this claim cannot be pursued under the Little Tucker Act.  28 U.S.C. § 1346(a)(2).  As plaintiff has not exhausted its administrative remedies it may not bring this contract claim in this Court.

Plaintiff also alleges jurisdiction under the APA and the DJA.  However, the APA does not provide an independent basis for jurisdiction.  that "provision is not an independent grant of subject-matter jurisdiction."  Fanning v. U.S., 346 F.3d 386, 402 (3d Cir. 2003), citing Your Home Visiting Nurse Services, Inc. v. Shalala, 525 U.S. 449, 457-58 (1999), citing Califano v.

Sanders, 430 U.S. 99 (1977).  Neither does the DJA provide an independent cause of action or confer subject matter jurisdiction where it does not already exist.  Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1153 (3d Cir. 1995), citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).[2]

    I will thus dismiss the complaint for lack of subject matter jurisdiction.

---

[2] Defendants' argument that the Quiet Title Act, 28 U.S.C. § 2409a(a), is applicable to this case is clearly without merit.  That act applies to an action to adjudicate a disputed title to real property in which the United States claims an interest.  That is not this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 4900 S. BROAD ST. | : | |
| ASSOCIATES-TENANT, L.P., | : | |
| c/o P&A ASSOCIATES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT | : | NO. 8-4646 |
| OF AGRICULTURE and | : | |
| UNITED STATES OF AMERICA | : | |

### ORDER

AND NOW, this   21st   day of January 2009, upon consideration of defendants' motion to dismiss, plaintiff's response thereto and supplemental briefings, it is hereby ORDERED that defendant's motion is GRANTED and the complaint is DISMISSED for lack of subject matter jurisdiction..

     /s/ THOMAS N. O'NEILL, JR.
     THOMAS N. O'NEILL, JR., J.