IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 4900 S. BROAD ST.<br>ASSOCIATES-TENANT, L.P.,<br>c/o P&A ASSOCIATES : | CIVIL ACTION |
| v. : | |
| UNITED STATES DEPARTMENT<br>OF AGRICULTURE and<br>UNITED STATES OF AMERICA : | NO. 8-4646 |

O'NEILL, J.                                                                                           February 4, 2009

## MEMORANDUM

Presently before me is plaintiff 4900 S. Broad Street Associates - Tenant, L.P.'s motion for reconsideration of my January 21, 2009 Order holding that I do not have subject matter jurisdiction over its claim because it is a contract claim against the United States. As I noted in my previous Order, the United States is immune from suit unless it has consented or has waived immunity by act of Congress. United States v. Sherwood, 312 U.S. 584, 586 (1941). Plaintiff argues that waiver and jurisdiction arise under the Administrative Procedures Act (APA), 5 U.S.C. § 702, et seq., for the remedy of eviction it requests under Pennsylvania law and that it does not seek a contractual remedy over which I would not have jurisdiction under the Contract Disputes Act (CDA), 41 U.S.C. § 601, et seq. In response to plaintiff's motion for reconsideration and for clarity, I will explain why I do not have subject matter jurisdiction over the amended complaint.

Plaintiff entered into a contract with the government to lease its property.[1] In the lease,

---

[1] "Although a lease conveys a property interest, it is, nevertheless, a contract and should be interpreted in the same way as other contracts." Olympia Properties, L.L.C. v. U.S., 54 Fed.

an addendum was included requiring defendants to vacate the premises at the end of the term. Plaintiff's amended complaint focuses heavily on the addendum to the lease and its contention that the government breached the contract. Its only mention of any potential claims sounding outside of contract is the statement: "[a]lternatively, plaintiff's right to possession of the premises arises by operation of law." Only in its responses to defendants' motion to dismiss for lack of jurisdiction over the contractual claim and supplemental briefing does plaintiff argue that its claim sounds in trespass and that it does not seek to enforce its contract against defendants. In arguing that its remedy of ejectment arises only after the expiration of its lease and therefore does not involve the existence of the lease, plaintiff ignores an explicit provision in its lease that creates a breach of contract cause of action when defendants fail to vacate after expiration of the lease. Thus, the roots of this controversy are contractual in nature.

The United States has waived immunity for some contract claims. The Tucker Act provides jurisdiction in the Court of Federal Claims for claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). The Little Tucker Act,[2] as amended by the Contract Disputes Act, gives district

---

Cl. 147, 152 (Fed. Cl. 2002) (citations omitted); see also Forman v. United States, 767 F.2d 875, 879 n. 4 (Fed. Cir. 1985), holding that "leases are normally considered within the realm of contracts".

[2] The Little Tucker Act reads in relevant part:

Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the

2

courts concurrent jurisdiction with the Court of Federal Claims but not for contract claims exceeding $10,000 or for contract claims subject to sections 8(g)(1) and 10(a)(1) of the CDA. See 28 U.S.C. § 1346(a)(2). The CDA provides that "[u]nless otherwise specifically provided herein, this chapter applies to any express or implied contract . . . entered into by an executive agency for (1) the procurement of property . . . ." 41 U.S.C. § 602. These sections require contractors bringing contract claims against the United States to follow certain procedures.[3] See A.E. Finley & Associates, Inc. v. United States, 898 F.2d 1165, 1167 (6th Cir. 1990); Chemung County v. Dole, 781 F.2d 963, 967 (2d Cir. 1986); U.S. v. Slaey, 2008 WL 2845351, at *4 (E.D. Pa. 2008). As plaintiff's claim is based on a provision in its lease with an executive agency, the CDA applies and I lack jurisdiction over plaintiff's claim.

In arguing its claim is not one of contract, plaintiff argues that the APA provides the necessary waiver and independent jurisdiction for its equitable relief claim against defendants. The APA provides in pertinent part as follows:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action *within the meaning of a relevant statute*, is entitled to judicial review thereof. An action in a court of the United States seeking relief

---

United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

28 U.S.C. § 1346(a)(2).

[3] Section 605 mandates that all claims by a contractor against the government "relating to a contract" be submitted to a contracting officer for resolution. 41 U.S.C. § 605; see also Nat'l Park Hospitality Ass'n v. DOI, 538 U.S. 803, 804 (2003), stating that the CDA provides that disputes arising out of certain government contracts first be submitted to an agency's contracting officer. This decision may be appealed to an agency board of contract appeals, 41 U.S.C. § 606, or a claim filed in the Court of Federal Claims, 41 U.S.C. § 609(a)(1).

3

other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702, emphasis added. However, even in cases where the APA effectively waives sovereign immunity in actions for specific relief, the APA does not itself confer subject matter jurisdiction. Califano v. Sanders, 430 U.S. 99, 107 (1977); Robbins v. U.S. Bureau of Land Management, 438 F.3d 1074, 1080 (10th Cir. 2006); Office of Governor, Territory of Guam v. Dep't of Health and Human Servs., Admin. on Dev. Disability, 997 F.2d 1290, 1292 (9th Cir. 1993). Rather, the source of jurisdiction must be found elsewhere, such as in a specific statute or the general federal question statute, 28 U.S.C. § 1331 (granting federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). Robbins, 438 F.3d at 1080; Office of Governor, Territory of Guam, 997 F.2d at 1292. Although plaintiff has requested the equitable remedy of ejectment and alternatively pled that its right arises by operation of law, it failed to plead in its complaint the legal basis of the non-contractual source of its right against the United States. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996), holding that the Court need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations; Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990), holding that plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim.

To support its proposition that the APA confers jurisdiction over its claim plaintiff cites Megapulse, Inc. v. Lewis, 772 F.2d 959 (D. D.C. 1982) and subsequent cases. Plaintiff argues

4

that these cases provide authority for distinguishing between matters subject to the CDA and those belonging in the district courts pursuant to the APA. However, unlike these cases, plaintiff fails to provide the legal basis for its right to the remedy of ejectment against the United States. In the cases that plaintiff cites, the plaintiffs identified the source of the federal statutory right the United States violated for its remedy, rather than just arguing that the claim was not one sounding in contract. See Bowen v. Massachusetts, 487 U.S. 879 (1988), alleging violation of Medicaid statute; Megapulse, 672 F.2d at 979, alleging violation of Federal Trade Secrets Act; Amer. Disabled for Attendant Progams v. U.S. Dept. of Housing and Urban Dev., 170 F.3d 381, 383 (3d Cir. 1999), alleging violation of Rehabilitation Act Section 504 and Fair Housing Act Amendments; Chemung County, 781 F.2d at 963, alleging violation of Federal Property and Administrative Service Act. None of the cases that plaintiff cites provide authority for its assertion of a claim of ejectment against the United States in the present circumstances and plaintiff has not provided a non-contractual source.[4]

---

[4] Although counsel has not cited Prudential Ins. Co. of Amer. v. United States, 801 F.2d 1295, 1299 (Fed. Cir. 1986), I note that this case holds that unless a clause in the lease expressly states to the contrary there is an implied contractual duty to vacate the premises at the expiration of the lease. Therefore, absent the express contractual duty agreed to in the addendum to the lease, I do not have jurisdiction over a breach of that obligation.

Additionally, the Federal Circuit has noted that common law writs for ejectment are based in tort. Prudential Ins. Co. of Amer., 801 F.2d at 1299. While plaintiff's briefs mention treating defendants as trespassers, the briefs never argue that it is pursuing a tort claim in trespass. Even if the mention of trespass in plaintiff's briefs meant that it sufficiently pled that defendants committed a tort, I would not have jurisdiction over such a claim. The Federal Tort Claims Act provides that the United States shall be liable in tort for any:

> negligent or wrongful act or omission of any employee of the Government while
> acting within the scope of his office or employment, under circumstances where
> the United States, if a private person, would be liable to the claimant in
> accordance with the law of the place where the act or omission occurred.

5

Plaintiff also argues that I have jurisdiction under the APA because it seeks equitable relief. However, APA's waiver is specifically conditioned. Section 702 states that "[n]othing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Thus, I must read the APA "in conjunction with other jurisdictional statutes waiving sovereign immunity" in order to determine whether those statutes forbid the relief sought in the case at hand. Robbins, 438 F.3d at 1080. My "jurisdiction cannot be based on the APA for any contract claim against the United States, since the Tucker Act 'impliedly forbids' any relief 'other than money damages' on such a claim," and thus the APA cannot waive sovereign immunity for such claims. See Sea-Land Service, Inc. v. Brown, 600 F.2d 429, 433 (3d Cir. 1979); see also Robbins v. U.S. Bureau of Land Management, 438 F.3d 1074, 1082 (10th Cir. 2006); Up State Fed. Credit Union v. Walker, 198 F.3d 372, 375 (2d Cir. 1999); Tucson Airport Auth. v. Gen. Dynamics Corp., 136 F.3d 641, 646 (9th Cir. 1998); Transohio Sav. Bank v. Director, Office of Thrift Supervision, 967 F.2d 598, 610 (D.C. Cir. 1992); Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989). The fact that plaintiff may be unable to secure such relief in the Court of Federal Claims does not grant this

---

28 U.S.C. § 1346(b). Pennsylvania provides a cause of action in trespass for a holdover tenant. See H.F.D. No. 26, Inc. v. Middletown Merch. Mart, 467 F.2d 253, 255 (3d Cir. 1972). Additionally, trespass is not one of the enumerated exceptions to the FTCA's waiver of sovereign immunity set forth at 28 U.S.C. § 2680. However, an FTCA action may not be maintained if a plaintiff has not exhausted its administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 108, 113 (1993). Thus, I would not have jurisdiction over plaintiff's tort claim even if it were sufficiently alleged in the complaint.

The Federal Circuit also observed that there may be a cause of action under the Takings Clause. Prudential Ins. Co. of Amer., 801 F.2d at 1300 n.13, holding that lessors may have an alternative avenue of relief against the government under the Takings Clause.

6

Court jurisdiction to hear, as an independent action, a claim for relief that is part and parcel of a contractual dispute with the government. Manshul Const. Corp. v. U.S., 687 F. Supp. 60, 62 (E.D. N.Y. 1988), citing American Science & Engineering, Inc. v. Califano, 571 F.2d 58, 62 (1st Cir. 1978).

Since plaintiff's only alleged legal basis is one in contract and the CDA is a statute that expressly forbids the type of equitable relief sought by plaintiff under the APA, I lack jurisdiction to entertain plaintiff's claim against the government. Plaintiff is entitled only to those remedies explicitly permitted by Congress in its limited waiver of sovereign immunity. Manshul, 687 F. Supp. at 63, citing United States v. Mitchell, 445 U.S. 535, 538-40 (1980).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 4900 S. BROAD ST. ASSOCIATES-TENANT, L.P., c/o P&A ASSOCIATES | : : : : | CIVIL ACTION |
| v. | : : | |
| UNITED STATES DEPARTMENT OF AGRICULTURE and UNITED STATES OF AMERICA | : : : | NO. 8-4646 |

## ORDER

AND NOW, this 4 day of February 2009, plaintiff's motion for reconsideration is DENIED.

_____
THOMAS N. O'NEILL, JR., J.